[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 25, 2006
THOMAS K. KAHN
CLERK

No. 05-15491
Non-Argument Calendar

_____

D. C. Docket No. 03-00054-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONIE PATTERSON,
a.k.a. Biz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 25, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Tyronie Patterson appeals his 210-month sentence imposed after he pled

guilty to one count of conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base, more than 5 kilograms of cocaine, and more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)-(iii), (b)(1)(B)(vii) and 846. After review, we affirm.

## I. BACKGROUND

Patterson was a member of a large-scale drug distribution ring that manufactured cocaine base and distributed cocaine base, cocaine and marijuana in and around Panama City, Florida. Patterson was a mid-level distributor who regularly purchased cocaine base from the ring and distributed it from his store.

Pursuant to a plea agreement, Patterson pled guilty to the charge in the indictment. During his plea colloquy, Patterson admitted to distributing cocaine base he received from other members of the conspiracy. Patterson further admitted that he was responsible for distributing at least 50 grams of cocaine base, with the knowledge that a greater amount could be attributed to him at sentencing.[1]

Texas and Florida law enforcement had seized approximately 2 kilograms of cocaine base, 95 kilograms of cocaine and 71 kilograms of marijuana during

---

[1]At the plea colloquy, Patterson expressed concern that the government's written statement of facts overstated his participation in the conspiracy. As a result, Patterson refused to sign the government's statement of facts, and the district court declined to make it a part of the record. Instead, Patterson agreed that his participation involved at least 50 grams of cocaine base. The district court warned Patterson that the government might argue at sentencing that Patterson was responsible for a greater drug quantity based on the overall conspiracy, and Patterson stated that he understood.

searches of stash houses and storage units linked to members of the drug distribution ring. Patterson's Presentence Investigation Report ("PSI") included these drug quantities, converted to their marijuana equivalency for a total of 59,007.05 kilograms, in calculating Patterson's offense level of 35 and his Guidelines range of 210 to 262 months' imprisonment. The district court adopted the factual statements in the PSI. The district court also overruled Patterson's Blakely objection,[2] applied the Sentencing Guidelines in a mandatory fashion, and sentenced Patterson to 210 months' imprisonment, the low end of Patterson's Guidelines range.

Patterson appealed his sentence, again asserting his Blakely argument. This Court vacated Patterson's sentence and remanded for resentencing in light of the Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Patterson, No. 04-14236 (11th Cir. Apr. 11, 2005). In so doing, this Court concluded (1) that "Patterson made no objections to the factual statements in the PSI about the amount of drugs seized or the various drug quantities involved in the conspiracy," (2) that "the district court did not err in adopting the undisputed facts in the PSI, and concluding that Patterson, as a member of that conspiracy, was responsible for the drug quantity set

---

[2]See Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).

forth in the PSI," and (3) that "the district court correctly determined the proper Guidelines range for Patterson's conviction is 210-262 months' imprisonment." Id., slip op. at 7. The Court explained that, at resentencing, the district court was "required to sentence Patterson under an advisory Guidelines regime, and shall consider the Guidelines range of 210-262 months' imprisonment," and the sentencing factors in 18 U.S.C. § 3553(a). Id.

At resentencing, Patterson argued that he had admitted only to the possession and distribution of 50 kilograms of cocaine base and his offense level should be recalculated using this drug quantity, which would result in a Guidelines range of 108 to 135 months. Patterson also contended that he did object to the factual statements in the PSI during the first sentencing when he made his Blakely objection. The district court overruled Patterson's objections, citing this Court's decision in Patterson's first appeal. Describing this Court's prior opinion as a roadmap, the district court stated, "this is what they've instructed me to do in this decision, and I'm going to follow that guidance from them."

After considering the advisory Guidelines range of 210 to 262 months and the § 3553(a) sentencing factors, the district court sentenced Patterson to 210 months' imprisonment. This second appeal followed.

## II. DISCUSSION

### A. Law-of-the-Case Doctrine

Under one arm of the law-of-the-case doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). Furthermore, on remand, the district court should not assert jurisdiction over matters outside the scope of a limited mandate. United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003). "A vacation of judgment for consideration in light of a particular decision is much more limited in nature than a general vacation by an appellate court, and its effect is not to nullify all prior proceedings." Id. (quotation marks and citations omitted).

Under another arm of the law-of-the-case doctrine, lower court rulings that have not been challenged on a first appeal will not be disturbed in a subsequent appeal. See, e.g., United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (holding that failure to challenge on first appeal district court's decision regarding the amount of "usable" cocaine for purposes of calculating Guidelines sentence precluded defendant from raising issue on second appeal); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (holding that criminal

5

defendant waives his right to raise in second appeal issues not raised in first appeal).

There are three narrow exceptions to the law-of-the-case doctrine. A court is not bound by a prior ruling if (1) new evidence is presented, (2) there is an intervening change in the controlling law, or (3) the prior ruling, "if implemented, would cause manifest injustice because it is clearly erroneous." Tamayo, 80 F.3d at 1520; see also Escobar-Urrego, 110 F.3d at 1561.

## B.    Patterson's Claims

On appeal, Patterson first contends that this Court's limited mandate in the first appeal violated his rights under the Sixth Amendment and the Due Process Clause because it denied him the right to make the government sustain its burden of proof as to the drug quantities attributed to him. This argument is without merit. Patterson had the opportunity at his first sentencing to hold the government to its burden of proof by objecting to the factual statements in the PSI relating to the amount of drug involved in the conspiracy. Patterson did not do so, instead relying solely on his Blakely argument. Likewise, Patterson asserted only his Blakely argument in his first appeal. As we concluded in Patterson's first appeal, because Patterson failed to object to the PSI's factual statements as to drug quantities at his initial sentencing, the district court properly deemed them admitted by Patterson

6

and considered them in calculating Patterson's Guidelines range. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (concluding that, because the defendant did not object to the factual findings in the PSI as to relevant conduct, those factual findings were deemed admitted and properly used to enhance the defendant's sentence). Consequently, the district court's drug quantity findings became the law of the case, and Patterson was precluded from relitigating those drug quantities on remand. Under the circumstances, our limited mandate on remand was proper and did not violate Patterson's constitutional rights.

Furthermore, none of the exceptions to the law-of-the-case doctrine applies to the district court's factual findings as to drug quantity. First, Patterson did not present any new evidence with regard to the drug quantities attributed to him at resentencing. Second, although Booker was decided between the time of Patterson's initial sentencing and his first appeal, Patterson made a Blakely claim at his initial sentencing and in his first appeal. This Court reviewed de novo his Blakely-Booker claim. Thus, none of these "intervening" changes dictate a different result than that found by the district court. Third, we cannot say that either the district court's drug quantity findings or this Court's limited remand in the first appeal were clearly erroneous.

Given this Court's limited mandate on remand, the district court properly

refused to reconsider its drug quantity findings in resentencing Patterson.

Patterson 210-month sentence is affirmed.

**AFFIRMED.**