

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2006

# USA v. Jurbala

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4684

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jurbala" (2006). *2006 Decisions.* Paper 441.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/441

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4684
_____

UNITED STATES OF AMERICA

v.

CHARLES D. JURBALA,
                                        Appellant.
_____

On Appeal from the
United States District Court
for the District of Delaware
(Crim. No. 04-94)
District Judge: Honorable Gregory Sleet

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2006
_____

Before: SLOVITER, WEIS and GARTH, Circuit Judges

(Opinion Filed: September 19, 2006)
_____

OPINION

Garth, Circuit Judge:

Charles D. Jurbala challenges his sentence and conviction. We have jurisdiction to hear this appeal pursuant to 18 U.S.C. §3742(a) and 28 U.S.C. §1291. Because the parties are familiar with the facts, we will not recite them here except as necessary to the discussion.

I

On March 15, 2005, a jury convicted Mr. Jurbala of possession of a firearm by a felon in violation of 18 U.S.C. §922(g)(1). Mr. Jurbala had previously been convicted of one count of burglary (on August 31, 1996), two counts of armed robbery (on June 26, 1996 and September 3, 1996, respectively), and one count of escape (on March 27, 2001).

A defendant convicted of violating 18 U.S.C. §922(g)(1) is subject to a sentence of a maximum of 10 years imprisonment under 18 U.S.C. §924(a)(2). *See United States v. Jones*, 332 F.3d 688, 690 (3d Cir. 2003). However, if such a defendant is found to have three previous convictions for violent felonies that were "committed on occasions different from one another," the Armed Career Criminal Act ("ACCA") mandates an enhanced sentence of a minimum of 15 years imprisonment. 18 U.S.C. §924(e). The Presentence Investigation Report ("PSR") in this case stated that, because of *four* of his past convictions, Mr. Jurbala qualified for an enhanced sentence under the ACCA.

Relying on the PSR, the District Court determined that, due to his previous convictions, Mr. Jurbala was an armed career criminal to whom the ACCA's fifteen year minimum applied, and sentenced Mr. Jurbala to 235 months imprisonment. We will

2

affirm.

II

Mr. Jurbala argues that, under the Sixth Amendment, it was a jury – and not the District Court – that was required to make the determination whether Mr. Jurbala committed felonies "on occasions different from one another" such that the ACCA's sentence enhancement applied.[1]  In this case, it should be noted that the predicate offenses used by the District Court when invoking ACCA were separated by significant periods of time; over two months elapsed between the first armed robbery (June 26, 2006) and the burglary (August 31, 1996), and while that burglary and the next armed robbery (September 3, 1996) were separated by only a matter of days, the escape (March 31, 2001) did not occur for another four and a half years.

For the reasons expressed by our sister Circuit in *United States v. Thompson*, 421 F.3d 278, 284-287 (4th Cir. 2005)*,* we hold that it was proper for the District Court, relying on the PSR, to make the "different occasions" determination on its own. *See also id.* at 285 (explaining that "occasions" are "those predicate offenses that can be isolated with a beginning and an end–ones that constitute an occurrence unto themselves," and advising District Courts to make this determination based on factors "such as different geographic locations and victims.") (quotation and citations omitted).

---

[1]  We exercise plenary review over this legal challenge to the District Court's application of the ACCA.  *Jones*, 332 F.3d at 690-691.

## III

Mr. Jurbala also argues that the evidence adduced at trial was insufficient to support the jury's conclusion that he knowingly possessed a firearm. "A claim of insufficiency of the evidence places a very heavy burden on the appellant. We must view the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Leahy*, 445 F.3d 634, 657 (3d Cir. 2006) (quotations and citation omitted). After carefully reviewing the record, we conclude that a rational trier of fact could here have found beyond a reasonable doubt the essential elements of 18 U.S.C. §922(g)(1).

For these reasons, we will affirm.