# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued April 23, 2009          Decided July 21, 2009

No. 07-3080

UNITED STATES OF AMERICA,
APPELLANT/CROSS-APPELLEE

v.

ANTHONY THOMAS,
APPELLEE/CROSS-APPELLANT

———

Consolidated with No. 07-3085

———

Appeals from the United States District Court
for the District of Columbia
(No. 03cr00458-01)

———

*SuzAnne C. Nyland*, Assistant United States Attorney, argued the cause for the appellant/cross-appellee. *Jeffrey A. Taylor*, United States Attorney, and *Roy W. McLeese III* and *George P. Eliopoulos*, Assistant United States Attorneys, were on brief.

*A. J. Kramer*, Federal Public Defender, argued the cause for the appellee/cross-appellant. *Michelle M. Peterson*, Assistant Federal Public Defender, entered an appearance.

Before: GINSBURG, HENDERSON and KAVANAUGH, *Circuit Judges*.[1]

Opinion for the Court filed by *Circuit Judge* HENDERSON.

Opinion concurring in part and concurring in the judgment filed by *Circuit Judge* GINSBURG.

KAREN LeCRAFT HENDERSON, *Circuit Judge*: Appellant and cross-appellee Anthony Thomas was convicted of one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Thomas to 188 months' incarceration under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which mandates a 15-year minimum sentence for a felon in possession with three previous convictions of qualifying offenses. In an earlier appeal, we affirmed Thomas's conviction but remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). The district court resentenced Thomas to 82 months, holding the Government had not proved on remand that Thomas qualified for sentencing under the ACCA. Thomas again appeals his conviction and the Government appeals the court's failure to sentence Thomas under the ACCA. We affirm Thomas's conviction because he raises the same arguments as in his earlier appeal and our decision in the first appeal is the law of the case. We vacate the district court's sentence on two alternative grounds. First, because Thomas could have challenged the ACCA determination in the first appeal—but did not—the law of the case doctrine precluded the district court from revisiting its determination at resentencing. Alternatively, we conclude that the Government adequately established that Thomas committed the requisite predicate offenses under the ACCA "on occasions different from one another," 18 U.S.C. § 924(e)(1), so

---

[1]Circuit Judge Kavanaugh concurs in the opinion except for Part II.B.1.

as to subject Thomas to the ACCA's mandatory 15-year sentence.

## I.

On the morning of August 28, 2003, Deputy U.S. Marshals arrested Thomas at his apartment in the District of Columbia for violating parole. During a "protective sweep" of the apartment following the arrest, the officers recovered a semi-automatic pistol, an assault rifle, a shotgun and ammunition. Thomas was subsequently indicted on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He moved to suppress the guns and ammunition, as well as incriminating statements he had made following his arrest, as fruits of an unlawful search. The district court denied the motion and a jury convicted Thomas. At sentencing, the court concluded that, based on the Presentence Investigation Report (PSR), Thomas was subject to a mandatory minimum sentence of 15 years under the ACCA because he had "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," 18 U.S.C. § 924(e)(1), namely, two convictions in D.C. Superior Court for distributing cocaine and attempted possession of cocaine with intent to distribute (PWID) and one conviction in the United States District Court for the Eastern District of Virginia for assault. Accordingly, on May 18, 2004, the court sentenced Thomas to 188 months' imprisonment under the ACCA and the U.S. Sentencing Guidelines (Guidelines), to be followed by five years of supervised release, and imposed a $100 special assessment.

Thomas appealed the conviction, asserting the guns and ammunition should have been suppressed because the arresting officers had insufficient reason to believe he was in the apartment when they entered and because the protective sweep was unnecessary and its scope too broad. *See United States v. Thomas*, 429 F.3d 282, 285-88 (D.C. Cir. 2005). We rejected these arguments, holding that "the officers' entry into Thomas'

apartment was in all respects lawful" and that "the search of Thomas' bedroom was a lawful 'protective sweep.' " *Id*. at 286, 288. Thomas also appealed his sentence on the ground the district court improperly treated the Guidelines as mandatory rather than advisory. *See id*. at 288. We agreed and vacated his sentence, remanding "for resentencing in accordance with . . . *Booker*." *United States v. Thomas*, 179 Fed. App'x 60, 60 (D.C. Cir. 2006).

On remand, the district court rejected the Government's assertion that the law of the case doctrine prevented it from reconsidering whether Thomas was an armed career criminal subject to the ACCA, citing two grounds. First, the court concluded that our "remand under *Booker* permits—indeed, requires—reconsideration" of both the court's "reliance on the PSR alone to find . . . that [Thomas] qualified as an Armed Career Criminal" and "sentencing under a mandatory Guidelines system." Sentencing Memorandum, *United States v. Thomas*, Cr. No. 03-458, at 4 (D.D.C. June 25, 2007) (Sentencing Memorandum) (Gov't App. 63). Second, the court found that the remand fell within one of the " 'three narrow exceptions to the law-of-the-case doctrine,' " namely, when " 'there is an intervening change in the controlling law.' " *Id*. (quoting *United States v. Patterson*, 194 Fed. App'x 687, 690 (11th Cir. 2006)). In the court's view, the United States Supreme Court had effected such a change in *Shepard v. United States*, 544 U.S. 13 (2005). Accordingly, the court revisited its sentence and determined that, contrary to its previous ruling, Thomas was not an armed career criminal because the government had not offered competent evidence to establish that the two D.C. predicate drug convictions were "committed on occasions different from one another," as the ACCA requires, 18 U.S.C. § 924(e)(1). In particular, the court determined that under *Shepard*, the indictments charging the two offenses, which identified their dates as, respectively, April 17, 1991 and September 18, 1991, did "not necessarily establish that the dates

were found by the jury or admitted to by Defendant." Sentencing Memorandum at 10 (Gov't App. 69). The court then sentenced Thomas to 82 months' imprisonment.

Thomas appealed his conviction, again challenging the denial of his suppression motion, and the Government appealed the sentence, contesting the district court's decision not to sentence Thomas under the ACCA.

## II.

We address separately Thomas's and the Government's appeals.

### *A. Thomas's Appeal*

Thomas advances the same arguments for reversing his conviction that he did in his first appeal, again contending the district court erred in denying his suppression motion. His appeal is therefore barred by the law of the case doctrine, which holds that " '[w]hen there are multiple appeals taken in the course of a single piece of litigation, . . . decisions rendered on the first appeal should not be revisited on later trips to the appellate court.' " *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc) (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir.), *cert. denied*, 516 U.S. 865 (1995)). Under the doctrine, we will not "reconsider issues already decided 'in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." ' " *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983))). Thomas asserts we should revisit our decision disposing of his first appeal because it "was clearly erroneous on each issue." Thomas Br. at 22. We see no error, however— much less clear error—to justify disturbing our earlier decision. As we held in Thomas's first appeal, the district court correctly concluded that the officers were entitled to enter Thomas's

apartment to serve the arrest warrant and that they discovered the contraband in the course of a permissible protective sweep after his arrest. We therefore treat our previous decision as the law of the case.

### B. Government's Appeal

The Government asserts the district court erred in refusing to sentence Thomas as an armed career criminal. We agree and vacate the district court's sentence on each of two, alternative grounds.

### 1.

First, on remand the district court was bound by its previous unappealed ACCA determination as the law of the case, under which "the same issue presented a second time in the same case in the same court should lead to the *same result*." *LaShawn A.*, 87 F.3d at 1393 (emphasis in original). Thus, a " 'legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, [governs] future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.' " *Crocker*, 49 F.3d at 739 (quoting *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987)); *see also United States v. Whren*, 111 F.3d 956, 959-60 (D.C. Cir. 1997) (adopting "waiver approach" that "upon a resentencing occasioned by a remand, unless the court of appeals expressly directs otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision—whether by the reasoning or by the result"). Because Thomas failed in his first appeal to challenge the district court's determination that he should be sentenced under the ACCA, the decision to sentence him thereunder is the law of the case binding on remand. It is for this reason that we remanded only "for resentencing in accordance with *United States v. Booker*, 543 U.S. 220

(2005)"—that is, to determine whether "the sentence would have been lower had the district court not applied the Sentencing Guidelines as though they were mandatory," as the record suggested. Remand Judgment, 179 Fed. App'x at 60. We did not, as the district court inferred, remand for the court to reconsider its reliance on the PSR findings in sentencing Thomas under the ACCA. *See* Sentencing Memorandum at 4 (Gov't App. 63). Nor was there an intervening change in the law between the first sentencing and the second to disturb the binding effect of the former as the law of the case. *See Crocker*, 49 F.3d at 740 ("While final judgments normally may not be re-examined merely because of an intervening change in the law, such a change will support a departure from the previously established law of the case." (citing *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 752 n.14 (D.C. Cir.1990))) (internal citations omitted) (emphasis in original). The district court believed the Supreme Court's decision in *Shepard* represented such a change in the controlling law from the Court's earlier decision in *Taylor v. United States*, 495 U.S. 575 (1990).

In *Taylor*, the Court addressed when a prior "burglary"—one of the "violent felon[ies]" identified in section 924(e)(2)(B)—qualifies as one of the three required predicate offenses triggering the ACCA's mandatory minimum sentence. The Court first determined that the Congress used "burglary" in "the generic sense," that is, as containing the same elements that are required under most states' criminal codes. 495 U.S. at 598.[2] The Court next considered whether the sentencing court may look beyond the statutory definition of a prior offense and consider other evidence of the particular defendant's prior

---

[2]These elements are: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598.

crime. *Id*. at 600. Rejecting an approach that looks *only* to the statutory definitions, the Court concluded that in a particular case, a prior offense such as burglary qualifies under section 924(e) "if either its statutory definition substantially corresponds to 'generic' burglary, *or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant*." *Id*. at 602 (emphasis added).

In *Shepard*, the Court applied *Taylor*'s modified categorical approach to a guilty plea and rejected the Government's attempt to rely on police reports and criminal complaint applications to prove the defendant's predicate offenses constituted generic burglary. Adapting *Taylor*'s standard to the plea context, the Court held that the determination whether a guilty plea to an offense defined in a "nongeneric" statute necessarily admits to the elements of the generic offense "is limited to *the terms of the charging document*, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26 (emphasis added). Whether or not *Shepard*'s application of *Taylor* may be characterized as a "change" from *Taylor* itself, *Shepard* did not effect a change in the controlling law in our Circuit at the time of Thomas's sentencing.

When the district court sentenced Thomas, on May 18, 2004, our Circuit law already provided authority for Thomas to challenge the district court's making ACCA findings based on the PSR. Our Circuit law was then clear that the Government bears the responsibility " 'to produce such documents as are necessary' " to establish that a prior offense qualifies as a predicate for sentence enhancement. *United States v. Richardson*, 161 F.3d 728, 738 (D.C. Cir. 1998) (quoting *United States v. Hill*, 131 F.3d 1056, 1065 n.10 (D.C. Cir. 1997)). In *Richardson*, we identified as "legitimate and reliable" such

documents as "a charging document, a plea agreement, or a previous presentence investigation report adopted by [the previous sentencing court]." *Id*. We expressly rejected the sentencing court's reliance, however, on the "potentially unreliable second-hand information" contained in the *Richardson* PSR. *Id*. at 737-38 (rejecting use of PSR to establish "crime of violence" for enhancement under U.S.S.G. § 2K2.1(a)(4)(A)); *see also Hill*, 131 F.3d at 1062 ("The court may consider only the statutory definitions of the offenses of which the defendant has been convicted; . . . . Alternatively, the sentencing court can consider the charging documents and jury instructions." (citing *Taylor*, 495 U.S. at 600-02)). Because Thomas could have invoked *Richardson* to challenge the district court's reliance on the PSR, the holding in *Shepard* did not change the controlling law. Accordingly, when Thomas failed to so object either at sentencing or on the appeal thereof, the district court's original ACCA determination became the law of the case.

**2.**

Second, even assuming it was permitted to revisit Thomas's ACCA status, the district court erred in concluding the Government presented insufficient evidence that the two predicate drug offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The two indictments offered in the second sentencing satisfied the evidentiary requirements set out in *Taylor* and *Shepard*.

In both *Taylor* and *Shepard*, the Court authorized a sentencing judge to rely on the "charging paper" or "charging document" and this is precisely what the Government produced as evidence Thomas committed the two drug offenses on different occasions. *See also United States v. de Jesus Ventura*, 565 F.3d 870, 874-75 (D.C. Cir. 2009) (under *Shepard*, "the charging document, the plea agreement, and the transcript of the plea colloquy . . . offer the same certainty about the conviction

as the hypothetical jury instructions discussed in *Taylor*"). The Government presented the indictments from the two drug offense prosecutions, each of which set out the date of the particular charged offense of conviction: April 17, 1991 for distributing cocaine and September 18, 1991 for attempted PWID. These charging indictments sufficed under *Taylor* and *Shepard* to establish the dates the two previous drug offenses were committed—and thus "necessarily" establish the offenses were committed on occasions different from one another. *Cf. In re Sealed Case*, 548 F.3d 1085, 1089-93 (D.C. Cir. 2008) (ACCA standard applied to career offender provision and criminal information examined to determine if jury convicted defendant of "crime of violence"). Further, that Thomas was convicted of two separate drug distribution offenses occurring fully five months apart manifests the offenses were "separate and distinct criminal episodes" and therefore were "committed on occasions different from one another," *United States v. Jackson*, 113 F.3d 249, 253 (D.C. Cir. 1997) (internal quotation and alteration omitted).[3] *See United States v. Johnson*, 130 F.3d

---

[3]At oral argument, Thomas narrowly parsed *Shepard*'s language to argue that, notwithstanding the specific separate dates recited in the indictments, it is "possible" that Thomas in fact pleaded to attempted PWID based on conduct that occurred on April 17, 1991, the same date as his distribution offense, and therefore he did not "necessarily admit[]" to committing a second offense on a different occasion. *See Shepard*, 544 U.S. at 24. The Supreme Court, however, has sanctioned reliance on "charging" documents such as an indictment with the apparent presumption that they accurately reflect the facts of a conviction or plea. *See id*., 544 U.S. at 16 ("We hold . . . that a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."); *id*. at 20-21 ("details" of "charging document" can support generic nature of predicate felony in jury case or plea). And in this case, there

1420, 1430-31 (10th Cir. 1997) ("[D]rug offenses committed at 'distinct, different times' will be treated as separate predicate offenses for purposes of § 924(e)(1) " (quoting *United States v. Maxey*, 989 F.2d 303, 307 (9th Cir. 1993))); *see also United States v. Kelley*, 981 F.2d 1464, 1473-74 (5th Cir. 1993) (two cocaine deliveries fourteen days apart found "separate criminal transactions"); *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992) (same with two drug offenses on consecutive days); *United States v. Roach*, 958 F.2d 679, 683-84 (6th Cir. 1992) (same with three drug offenses within fifteen days);

---

is no reason to suspect otherwise. At his first sentencing, Thomas did not dispute that the two drug offenses were committed on the dates specified in the indictment. In fact, at the 2004 sentencing his counsel admitted as much when he stated: "The two cases are . . . an attempt[ed] possession with intent to distribute and a distribution *that are separated by less than a year*, and in the exact same area according to the information that's provided in the presentence report, I think even the same block; involves the same drug, and the same societal victim." Tr. of Sentence Hearing, *United States v. Thomas*, Cr. No. 03-458, at 4 (May 18, 2004) (Thomas App. at 143) (emphasis added). Notwithstanding Thomas recasts the highlighted language as "simply a recitation of information in the PSR," Reply Br. at 33—it is plainly an acknowledgment that Thomas committed the crimes on separate occasions, as required under the ACCA. His counsel's subsequent reference to the presentence report was offered to support his additional factual assertion that the crimes were committed "in the exact same area," a circumstance essential to his argument that the two crimes "should be considered related and considered as one conviction rather than two." Tr. of Sentence Hearing at 4 (Thomas App. at 143). Judge Ginsburg is wrong, then, when he states that "so far as the record reveals, the defendant never admitted the dates of the offenses." Concurring Op. at 2.

*United States v. McDile*, 914 F.2d 1059, 1061-62 (8th Cir. 1990) (same with three drug sales within eight days).[4]

For the foregoing reasons, we affirm Thomas's judgment of conviction but vacate his sentence and remand for the district court to resentence him as an armed career criminal.

*So ordered.*

---

[4]*Taylor* based its evidentiary limitation on congressional intent. Between *Taylor* and *Shepard*, the Supreme Court concluded that the Sixth Amendment requires "that any fact . . . sufficient to raise the limit of the possible federal sentence must be found by a jury"—not a judge—"other than [the fact of] a prior conviction." *Shepard*, 544 U.S. at 24 (citing *Jones v. United States*, 526 U.S. 227, 243, n.6 (1999); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Notwithstanding the Supreme Court's express exception for proving the fact of a prior conviction (which *Shepard* did not disavow), Thomas contends that "it violates the Sixth Amendment for a sentencing court to make a finding under ACCA that prior offenses were committed on occasions different from one another." Reply Br. at 35 (initial capitals altered). We agree with the many other circuits that have rejected that argument as inconsistent with current Supreme Court precedent. *See, e.g.*, *United States v. Thompson*, 421 F.3d 278, 281, 284-87 (4th Cir. 2005); *United States v. Jurbala*, 198 Fed. App'x 236, 237 (3d Cir. 2006); *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006) (per curiam); *United States v. Wilder*, 161 Fed. App'x 545, 552 (6th Cir. 2006); *United States v. Browning*, 436 F.3d 780, 780-81 (7th Cir. 2006); *United States v. Harris*, 447 F.3d 1300, 1303-05 (10th Cir. 2006); *United States v. Santiago*, 268 F.3d 151, 154-57 (2d Cir. 2001).

GINSBURG, *Circuit Judge*, concurring in part: I concur in the judgment and in the opinion for the court except with respect to the alternative holding in Part II.B.2 that the indictments constitute sufficient evidence that Thomas's two drug offenses were committed on separate occasions. In reaching that issue, Judge HENDERSON[*] has disregarded the "well-established principle ... that normally the [c]ourt will not decide a constitutional question if there is some other ground upon which to dispose of the case." *Nw. Austin Mun. Utility Dist. No. One v. Holder*, No. 08-322, 2009 WL 1738645, at *9 (U.S. June 22, 2009) (quoting *Escambia County v. McMillan*, 466 U.S. 48, 51 (1984) (per curiam)); *see also In re Sealed Case*, 829 F.2d 50, 55 (D.C. Cir. 1987). Having held the law of the case precluded the district court from reconsidering its determination that Thomas qualified for sentencing under the ACCA, the court need not — and therefore should not — resolve the constitutional question whether the Sixth Amendment bars a sentencing judge from making a factual finding — based solely upon the dates listed in the indictments — that the relevant offenses were committed on separate occasions.

The question whether the sentencing judge may rely solely upon an indictment to determine the date of a prior offense without running afoul of the Sixth Amendment or of the teaching of *Shepard v. United States*, 544 U.S. 13 (2005), is more difficult than the court lets on. Under the Sixth Amendment a judge may find only "the *fact of* a prior conviction," *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); the defendant is entitled to a jury finding for any "*fact about* a prior conviction," *Shepard*, 544 U.S. at 25 (plurality opinion) (emphases added). Specifically in order to ensure

---

[*] Because Judge KAVANAUGH does not join the court's holding that the law of the case precluded the district court's new ACCA determination, only Judge HENDERSON reaches the constitutional question unnecessarily.

that a sentencing judge does not make a finding under the ACCA that infringes upon the defendant's Sixth Amendment right to a jury, the Court in *Shepard* "adhere[d] to the demanding requirement that any sentence under the ACCA rest on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to" that finding. *Id.* at 24.

*Shepard* does provide that a judge asked to sentence a defendant under the ACCA may consult the charging documents from the defendant's prior convictions, *id.* at 16, but only in order to determine whether those convictions necessarily required a finding relevant to ACCA status — here, a finding with respect to the date of the offense. *See United States v. De Jesus Ventura*, 565 F.3d 870, 874–75 (D.C. Cir. 2009) (describing *Shepard* inquiry as "look[ing] to the charging document ... to determine whether the defendant 'necessarily admitted'" the ACCA-qualifying facts). In this case it is far from clear the indictments establish that Thomas's convictions required a finding with respect to the date of each offense; as far as this record shows, neither Thomas's plea to one offense nor the jury's judgment of conviction on the other entailed a finding as to whether the offense occurred on the date charged. Today the court nonetheless unnecessarily concludes a conviction based upon an indictment that specifies the date on which — or, more accurately, "on or about" which — the charged offense took place "necessarily" establishes the date when the offense occurred, Ct. Op. at 10, even if the date was not material to the question of guilt and even if, so far as the record reveals, the defendant never admitted the dates of the offenses. The court's inference that the date was "necessarily" established by the judgment would not pass muster even in a civil context. *See United States v. Andrews*, 479 F.3d 894, 901 (D.C. Cir. 2007) (Williams, J., concurring) (analogizing the

*Shepard* inquiry to issue preclusion and noting "a focus on preclusion ... helps clarify *which* facts may appropriately be drawn from the charging documents and jury instructions").