# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 6, 2015        Decided January 21, 2016

No. 13-3031

UNITED STATES OF AMERICA,
APPELLEE

v.

EDDIE P. BURROUGHS,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cr-00033-1)

---

*Sandra G. Roland*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Tony Axam Jr.*, Assistant Federal Public Defender, entered an appearance.

*Lauren R. Bates*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Vincent H. Cohen*, Acting U.S. Attorney, and *Elizabeth Trosman*, *George Eliopoulos*, and *David B. Goodhand*, Assistant U.S. Attorneys.

Before: GRIFFITH, MILLETT and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* PILLARD.

PILLARD, *Circuit Judge*:  Eddie Burroughs appeals the district court's denial of his motion to suppress drug-related evidence police discovered in his home.  District of Columbia police officers initially arrested Burroughs for carjacking. They searched Burroughs incident to the carjacking arrest and discovered evidence implicating him in a robbery.  As part of their investigation of the robbery, officers searched Burroughs's home pursuant to a warrant and found drugs. The United States then prosecuted and convicted Burroughs of three counts of possession of illegal drugs with intent to distribute them.  Burroughs was never prosecuted for carjacking; in a preliminary hearing after his warrantless arrest, the Superior Court of the District of Columbia found that the police lacked probable cause for that arrest. Burroughs contends that because the police lacked probable cause for the arrest that led to the search warrant, the district court should have suppressed the drug evidence as the fruit of an illegal arrest.

Burroughs makes two arguments in support of suppression.  First, he argues that the district court was bound by the superior court's no-probable-cause determination. Because Burroughs did not raise that issue before the trial court and did not demonstrate good cause for that failure, we assume that plain-error review applies and find none.  Second, Burroughs argues that the district court clearly erred in finding that Burroughs was one of four suspects who fled from the stolen car.  That finding was not clearly erroneous, for it was supported by testimony from an officer whose credibility Burroughs does not contest.  The district court's finding supplied probable cause for Burroughs's arrest.

**I.**

Just after midnight on November 26, 2011, Officer James Haskel of the Metropolitan Police Department flew in a police helicopter in pursuit of a suspected stolen car. He tracked the car to a parking lot ("the upper parking lot") in a block in southeast Washington.[1] Officer Haskel watched from the air as four men bailed out of and fled the car. He gave clothing descriptions for three of the four fleeing suspects and directed officers on the ground toward them. He reported over the radio that all the men were running southeast toward a wood line and that one of them made it to another parking lot within the block ("the lower parking lot"), which lies southeast of where the car had stopped. That man was attempting to walk nonchalantly in the lower parking lot.

Police officers on the ground soon arrested three men within the block: Burroughs, Cody Hartsfield, and a juvenile. The juvenile was arrested in the woods between the upper and lower parking lots. Burroughs was arrested in the lower parking lot. Hartsfield was arrested east of the upper parking lot in front of a building identified as either 3425 Sixth Street or 3425 Fifth Street (the precise street is not relevant). Haskel facilitated two of the three arrests—that of the juvenile and one other—by shining light on the suspects from the helicopter and directing officers on the ground to stop them. The parties dispute whether the second person Officer Haskel tracked was Burroughs or Hartsfield. The parties do not dispute that if Haskel continuously observed Burroughs, the police had probable cause to arrest Burroughs for carjacking.

---

[1] We grant the government's motion to take judicial notice of a Google map. It is a "source[] whose accuracy cannot reasonably be questioned," at least for the purpose of identifying the area where Burroughs was arrested and the general layout of the block. Fed. R. Evid. 201(b).

## II.

After Burroughs was arrested for carjacking but before he was charged with federal drug offenses, he appeared with fellow arrestee Hartsfield for a preliminary hearing before a magistrate judge of the Superior Court of the District of Columbia.  The government's only witness at that hearing was Officer Karane Williams, one of the officers who responded to the suspected carjacking.  (She did not testify at the later suppression hearing in district court.)  Officer Williams did not personally observe Burroughs's arrest, but she testified that the suspects' clothing matched the descriptions of the suspects Officer Haskel had given from the helicopter, and that another officer had seen Hartsfield jump over a fence just before he stopped him.  The superior court found that the police had probable cause to arrest Hartsfield, but not Burroughs.

Burroughs contends that the federal district judge should not have decided anew whether there was probable cause for Burroughs's arrest because the superior court judge's finding that the police lacked probable cause was binding on the district court.  He invokes collateral estoppel and law of the case.  The government argues that Burroughs failed to preserve any such argument and that therefore we may not consider it.

We agree that Burroughs did not preserve his preclusion and law of the case arguments, but take no position on the consequence of that failure.  Whether we are wholly barred from reviewing unpreserved suppression arguments absent a showing of good cause or whether we may review them for plain error is an open question.  We need not resolve that question here, however, because Burroughs has made no attempt at showing good cause, and even assuming plain-error

review is available, Burroughs has not established that denying preclusive effect to the superior court's determination was plain error.

**A.**

Burroughs did not timely assert that the district court was bound by the superior court's decision. "We have held that, 'while a pretrial motion need not state explicitly the grounds upon which a motion is made, it must contain facts and arguments that make clear the basis of defendant's objections.'" *United States v. Hewlett*, 395 F.3d 458, 460 (D.C. Cir. 2005) (quoting *United States v. Mitchell*, 951 F.2d 1291, 1296 (D.C. Cir. 1991)). In the district court, Burroughs did not argue, much less "make clear," that the superior court's probable-cause determination should be accorded binding effect. Burroughs characterized his disagreement with the government as one based on facts, not law. As he put it, "[t]he government does not disagree on the law asserted by Mr. Burroughs to support his motion to suppress based upon an illegal stop. Instead, the government asserts facts in evidence to support probable cause." *See* Reply to Opposition to Motion to Suppress at 1, United States v. Burroughs, No. 1:12-cr-00033-JEB-1 (D.D.C. Oct. 31, 2012), ECF No. 52. Burroughs's counsel contested the probable cause for the carjacking arrest by re-canvassing the facts and asserting that: Burroughs matched only a general suspect description; at the time Burroughs moved to suppress, no officer had seen him either in or exiting the stolen car; he did not behave suspiciously; and he was not in close physical proximity to the stolen car when he was arrested.

It is true that Burroughs and his counsel mentioned the superior court's probable-cause determination in each of their three filings (including Burroughs's supplemental, *pro se*

reply), but never did they mention "collateral estoppel," "issue preclusion," "law of the case," or any of the elements of those doctrines, or otherwise suggest that the superior court's probable-cause determination bound the federal district court. The closest Burroughs came to asserting preclusion was urging the district court to reach the same conclusion as the superior court—that there was insufficient evidence to support probable cause. He stated, for instance, "[t]here was no more probable cause to arrest him on the day he was arrested than there was on the day of his preliminary hearing." *See* Reply to Opposition to Motion to Suppress at 3. He also stated, "[t]here is no need to revisit the probable cause determination and the government still have not m[et] the standards for probable cause in their response." Supplemental Pro Se Reply Motion to Suppress at 8, United States v. Burroughs, No. 1:12-cr-00033-JEB-1 (D.D.C. Oct. 31, 2012), ECF No. 53, ex. 1. Those statements make plain that Burroughs pointed to the superior court's conclusion as potentially persuasive; he did not argue that it was preclusive.

**B.**

It is not settled whether Burroughs's failure to raise the preclusion argument in his suppression motion bars us altogether (in the absence of good cause) from reviewing it on appeal, or whether we may give it limited review for plain error. We have not expressed a consistent position on the standard of review of unpreserved claims, such as this one, that come within the ambit of Federal Rule of Criminal Procedure 12. Rule 12 requires parties to make certain motions in advance of trial, including motions identifying defects in an indictment (e.g., multiplicity) or instituting a prosecution (e.g., venue, delay), or motions seeking to suppress evidence. We have declined to review suppression arguments that defendants had not raised before trial when

defendants failed to show good cause for their failure to do so. *See Hewlett*, 395 F.3d at 460-61; *see also United States v. Peyton*, 745 F.3d 546, 551-52 (D.C. Cir. 2014) (describing this practice). But we have also considered whether unpreserved claims involve any plain error. *See, e.g.*, *United States v. Eiland*, 738 F.3d 338, 350 (D.C. Cir. 2013). Our treatment of other issues under Rule 12 has also been inconsistent. For instance, sometimes we have reviewed for plain error claims, not raised before trial, that a defendant was impermissibly charged more than once for the same offense, *see, e.g.*, *United States v. Kelly*, 552 F.3d 824, 829 (D.C. Cir. 2009) (reviewing unpreserved double jeopardy challenge for plain error), but at other times we have refused to do so, *see e.g.*, *United States v. Weathers*, 186 F.3d 948, 952-58 (D.C. Cir. 1999) (reading Rule 12's reference to "waiver" as effectuating waiver rather than forfeiture of an unpreserved multiplicity challenge). We are not the only circuit to have struggled with Rule 12 in this way. *See United States v. Soto*, 794 F.3d 635, 649 & n.8 (6th Cir. 2015) (citing cases) ("Rule 12(e) caused great confusion among circuit courts about how the rule restricts appellate review. Prior to the 2014 rule revision, we were inconsistent as well.").

Rule 12 was recently amended in a manner that may affect appellate review. Until 2014, Rule 12 stated that "[a] party waives" pretrial motions covered by the rule by not raising them before the court's deadline for those motions. Fed. R. Crim. P. 12(e) (effective until Dec. 1, 2014). In such a situation, "the court" was permitted to "grant relief from the waiver" only for "good cause." *Id.* The current version of Rule 12, which governs this appeal,[2] no longer uses the term

---

[2] The new version of Rule 12 applies to Burroughs's case because his case was pending when the new rule took effect. *See* Supreme Court Order Amending Fed. R. Crim. P. 12 (Apr. 25, 2014) ("[T]he foregoing amendments to the Federal Rules of Criminal Procedure

"waiver." It states instead: "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

Some circuit courts have read the newly amended version of Rule 12—in particular, the deletion of the reference to "waiver"—to permit plain-error review when a defendant did not intentionally relinquish a claim within Rule 12's ambit, even if the defendant has not offered good cause for his or her failure to timely raise it. *See United States v. Sperrazza*, 804 F.3d 1113, 1118-21 (11th Cir. 2015); *Soto*, 794 F.3d at 647-56. Other circuits review unpreserved Rule 12 issues only when the defendant has made a showing of good cause, regardless of whether the defendant intentionally declined to raise those issues. *See United States v. Daniels*, 803 F.3d 335, 351-52 (7th Cir. 2015); *United States v. Anderson*, 783 F.3d 727, 741 (8th Cir. 2015). Here, we need not decide which standard applies. Under the waiver-absent-good-cause standard, Burroughs has made no showing of good cause that would allow us to reach his argument. *See United States v. Williams*, 773 F.3d 98, 105 n.3 (D.C. Cir. 2014). And even if Rule 12 does permit us, absent good cause, to review Burroughs's unpreserved preclusion argument for plain error, Burroughs would have to show that the error was plain.

## C.

Burroughs has not carried his burden to establish that the district judge plainly erred in finding probable cause for the same arrest after the superior court found that there was none.

shall take effect on December 1, 2014, and shall govern in all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.").

It is not "clear" or "obvious," *United States v. Olano*, 507 U.S. 725, 734 (1993), that the district court was precluded by either law of the case or collateral estoppel from evaluating anew whether the police had probable cause to arrest Burroughs for carjacking.

Indeed, quite the opposite is true when it comes to law of the case. That doctrine holds that a "legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, [governs] future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *United States v. Thomas*, 572 F.3d 945, 949 (D.C. Cir. 2009) (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995)) (alterations in original). As the government correctly notes, Burroughs is seeking to bind the courts across different cases. *Thomas* makes clear that the law of the case doctrine only applies within the same case. *See id.*

The question whether collateral estoppel applies to the superior court's probable-cause determination is more difficult. Burroughs cites no case from this court or the Supreme Court confirming that a probable-cause determination in a preliminary hearing is entitled to preclusive effect in an ensuing criminal prosecution. That does not doom Burroughs's effort, for errors can be plain even in the absence of binding case law. *See In re Sealed Case*, 573 F.3d 844, 851 (D.C. Cir. 2009). But Burroughs does not succeed here because there is no "absolutely clear legal norm," *id.* (quotation marks omitted), establishing his claim. Neither the District of Columbia's rule nor the federal rule expressly gives preclusive effect to probable-cause determinations. *See* D.C. Sup. Ct. Crim. R. 5(d); Fed. R. Crim. P. 5.1(f). Criminal collateral estoppel is generally "an integral part of the protection against double jeopardy guaranteed by the Fifth

and Fourteenth Amendments." *Harris v. Washington*, 404 U.S. 55, 56 (1971) (per curiam). Given that jeopardy had not yet attached when Burroughs was before the superior court for a determination of probable cause, *see Martinez v. Illinois*, 134 S. Ct. 2070, 2074 (2014) (per curiam), it is unclear whether any estoppel effect would have yet materialized. We need not and do not say for sure whether it had; it suffices that it is not plain that a probable-cause determination made in a preliminary hearing binds a judge in a subsequent criminal proceeding.

## III.

Burroughs also contends that, in any event, the district court erred in finding that the police had probable cause to arrest him. "We review the district court's 'findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts,' as well as to the district court's determination of witness credibility." *United States v. Bookhardt*, 277 F.3d 558, 564 (D.C. Cir. 2002) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)). We review de novo the district court's legal determination that there was probable cause. *Ornelas*, 517 U.S. at 697, 699.

The district judge denied Burroughs's motion to suppress the evidence found in the search of his home, because the police had probable cause to arrest Burroughs for carjacking. The court made a factual finding that Burroughs was one of the men who had fled the stolen car. Key to that finding was the district judge's determination that Officer Haskel "testified very credibly" that he never lost sight of a man who exited the stolen car and ran from the upper parking lot through the woods to the lower parking lot where Burroughs was arrested. Hr'g Tr. 153.

At the hearing, Officer Haskel traced on a map the path he observed one suspect take from the upper parking lot to the lower parking lot. He testified that he shined his light on the suspect, "directed the officers to stop that guy," and saw the officers "put their hands on him." Hr'g Tr. 37. When Officer Haskel was asked, "did you ever lose sight of [the man stopped in the lower parking lot] between the bailout and the time he was stopped," he answered, "[n]o." Hr'g Tr. 65. A different officer, Jeffrey Wade, testified that Burroughs was detained in the lower parking lot, right where Officer Haskel had indicated he saw the suspect stopped. Officer Wade testified that he had learned from other officers that Burroughs had been stopped as he was walking away from the woods shortly after the bailout. The district judge found that Officer Haskel's testimony was further corroborated by the helicopter radio recording, in which Haskel described seeing a suspect run southeast through the woods to a parking lot and then walk nonchalantly into the parking lot.

Burroughs contends that Officer Haskel's testimony does not support the district court's factual finding that Burroughs was one of the men in the stolen car because that finding is contradicted by other evidence suggesting that Officer Haskel facilitated Hartsfield's arrest rather than Burroughs's. Burroughs points to the fact that Officer Haskel can be heard in a recording of the helicopter's radio telling someone to "[s]top that guy right there," seconds before an officer on the ground known only as "Officer 750" stated, "3425, I got one stopped." J.A. 116. It is not disputed that Hartsfield was arrested near a building numbered 3425. The only permissible conclusion that follows from that excerpt of the recording, says Burroughs, is that the man Haskel testified he was watching was not him, but Hartsfield.

Burroughs does not, however, contest the district court's finding that Officer Haskel testified credibly that he aided in Burroughs's arrest. *See* Oral Arg. Tr. 11:16-11:38 ("[Judge Griffith:] So you just have to disbelieve Haskel. Your version of events, you just can't believe Haskel. [Counsel for Burroughs:] No, our argument, our version of events is that the government failed to explain this discrepancy and it was their burden to do so."); *see also id.* at 6:20-6:43 ("[Judge Pillard]: Do we have to, in order to find for your client, hold that…the district judge was clearly erroneous to the extent that he found that Haskel was watching Burroughs the whole time? [Counsel for Burroughs]: No you don't."). The court's finding that Officer Haskel credibly and accurately testified that he tracked Burroughs from bailout to arrest suffices to support probable cause.

The district judge acknowledged that Officer Haskel's testimony that he facilitated Burroughs's arrest was "difficult" to "square" with the part of the radio recording that can be understood to suggest that Officer Haskel instead assisted in Hartsfield's arrest. Hr'g Tr. 152. That recording, however, was reconcilable with Officer Haskel's testimony. Indeed, the district judge offered examples of how. The district judge observed, for example, that Officer Haskel and Officer 750 may not have been talking to each other about the same arrest. He explained,

> [Y]ou've got a number of people on the air with each other, they're not exactly speaking to each other, it's not a clear conversation. And therefore, maybe when [Officer 750 says], "3425 I got one stopped," [he] is not responding to Haskel's "Stop that guy right there," but [to] a different stop, [to] the stop of Mr. Hartsfield….

*Id*. at 152-53.

Burroughs contends that the evidence does not support the district court's explanation. According to Burroughs, the government did not resolve "critical evidentiary contradictions" about which arrest Officer Haskel aided—contradictions he asserts the government could not resolve without calling as witnesses the officers who arrested Burroughs and Hartsfield. Appellant Br. 30-31.

We disagree. The government carried its burden to establish probable cause by eliciting what was, in the district court's view, credible and persuasive testimony that Officer Haskel facilitated the arrest of the suspect Officer Wade identified as Burroughs. Officer Haskel's testimony, coupled with Officer Wade's identification, furnished adequate support for the district court's ultimate factual finding that Burroughs was one of the four men who fled the stolen car. That finding is bolstered by the radio recording in which Officer Haskel described the flight of a suspect toward the lower parking lot where Burroughs was arrested.

Burroughs is right that it is possible to read other parts of the radio recording and conclude that Officer Haskel could have assisted only in either Burroughs's or Hartsfield's arrest, but not both, and that the arrest he assisted was Hartsfield's. But it is also possible to conclude from the record—including Officer Haskel's testimony, which the district court credited—that Officer Haskel facilitated Burroughs's arrest. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

**IV.**

For the foregoing reasons, we hold that Burroughs did not establish good cause for not raising his preclusion argument before the district court and, assuming plain-error review applies, the district court did not plainly err by failing to give preclusive effect to the superior court's probable-cause determination. And because the district court's probable-cause determination rested on a factual finding that was not clearly erroneous, we affirm the district court's denial of Burroughs's motion to suppress.

*So ordered.*