# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 21-3047**                                   **September Term, 2022**

FILED ON: DECEMBER 20, 2022

UNITED STATES OF AMERICA,
                   APPELLEE

v.

JEANPAUL GAMARRA,
                   APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cr-00065-1)

———

Before: HENDERSON and WALKER, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. Appellant JeanPaul Gamarra appeals his convictions under 18 U.S.C. § 871 and 18 U.S.C. § 844(e) for threatening bodily harm to the President and conveying false information concerning the use of an explosive. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons set forth below, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed on all counts.

On March 28, 2017, Gamarra approached a Secret Service agent outside the White House with a package he claimed contained a nuclear bomb detonator and was quickly arrested. The district court subsequently ordered Gamarra involuntarily committed and, after a *Sell* hearing that was appealed to this Court, ordered him forcibly medicated so he could stand trial. *See Sell v. United States*, 539 U.S. 166, 180–82 (2003) (establishing test under which a court may order forcible medication); *see also United States v. Gamarra*, 940 F.3d 1315, 1319 (D.C. Cir. 2019) (upholding the district court's forcible medication ruling). A jury found him guilty of both specific

intent crimes, and the district court sentenced him to time served and a period of supervised release. On appeal, Gamarra (1) objects on *Miranda* grounds to the admission of Secret Service Agent Klein's testimony regarding a prior instance in which Gamarra threatened the sitting president; (2) claims the district court abused its discretion under Federal Rule of Evidence 403 in admitting this evidence; and (3) alleges ineffective assistance of counsel.

First, the district court did not plainly err in admitting Agent Klein's testimony, assuming we can even review Gamarra's unpreserved suppression claim for plain error. *See United States v. Burroughs*, 810 F.3d 833, 837 (D.C. Cir. 2016) ("We have not expressed a consistent position on the standard of review of unpreserved claims, such as this one, that come within the ambit of Federal Rule of Criminal Procedure 12."). In any case, Gamarra fails to show that Agent Klein's testimony that Gamarra seemingly understood the seriousness of threats against the President in any way implicates his Fifth Amendment rights. *See Miranda v. Arizona*, 384 U.S. 436, 460 (1966).

Nor did the district court abuse its discretion in admitting Agent Klein's testimony under the Federal Rules of Evidence. Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. In this case, however, Agent Klein's testimony had probative value and no unfair prejudice, which the district court carefully concluded in a seven-page, pretrial opinion. *See* A0406–08.

Finally, Gamarra has not proven any ineffective assistance of counsel during his *Sell* appeal because he has not shown that counsel was deficient, and he certainly has not shown that a deficiency prejudiced his appeal in any way. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R. App. P. 41(b); D.C. Cir. R. 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk